United States District Court
Southern District of Texas
**ENTERED**
September 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| J. A. A., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-156 |
| | § | |
| ST HANS BROTHERS INDUSTRIES, | § | |
| L.P.; dba HANS BROTHERS | § | |
| INDUSTRIES AND HBI, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Pending before the Court is Plaintiff J.A.A.'s motion to proceed under the pseudonym "J.A.A." for the remainder of the case. (D.E. 26). Plaintiff filed the motion to prevent public embarrassment, reputational harm to her and her children, and possible future criminal or social service investigations. *Id.* at 5. The Court must decide whether proceeding under the pseudonym of her initials is warranted. Because Plaintiff's concerns do not outweigh the presumption of openness in judicial proceedings, Plaintiff's motion is **DENIED**. Out of consideration for Plaintiff's legitimate concerns regarding the reputational impact of proceeding under her true name to her and her family, the Court **ORDERS** that discovery may not begin until October 12, 2020 to allow Plaintiff the opportunity to evaluate whether to proceed with the lawsuit. The Court also **GRANTS** Plaintiff leave to file an amended complaint containing her full name.

## I. Background

On June 7, 2019, Plaintiff took time off from work to attend an Ob-Gyn appointment. (D.E. 43, p. 9). During this appointment, Plaintiff learned that she was pregnant. *Id.* Her Ob-Gyn also conducted drug tests—including a test for cocaine—all of which were negative. *Id.* On June 10, 2019, Plaintiff's employer, ST Hans Brothers Industries, LP ("HBI"), informed Plaintiff that she was randomly selected for a drug test. *Id.* at 10. Plaintiff completed the drug test and on June 14, 2019, Plaintiff's supervisor met with Plaintiff, informed her that she tested positive for cocaine, and terminated her employment. *Id.* at 13–14.

While meeting with her supervisor, Plaintiff denied any drug use. *Id.* at 14. Plaintiff also mentioned to her supervisor that her husband had struggled in the past with drugs and asked whether it is possible that her husband's drug use could be connected to Plaintiff's positive test. *Id.* Both before and after this meeting, Plaintiff's supervisor allegedly asked the Medical Review Officer ("MRO") whether the drug use of Plaintiff's husband could explain the positive test. *Id.* Both communications centered on whether a positive drug test could result from having sexual intercourse with an individual who uses drugs. *Id.*

To date, Plaintiff continues to deny any drug use and has made multiple attempts to clear her name. For example, Plaintiff submitted to a hair-sample drug test that can detect drug use, including cocaine, and tested negative. *Id.* at 18. Plaintiff also hired legal counsel to review the testing laboratory's documents for Plaintiff's drug test, which she argues revealed a fatal flaw in the chain of custody. *Id.*

## II. Legal Standard

There is no hard and fast formula for determining when a party may sue under a pseudonym. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Instead, the Court must balance Plaintiff's privacy interests against the presumption of openness in judicial proceedings. *Id.*

The analysis begins with the presumption that judicial proceedings are open to the general public, which includes parties proceeding under their true names. *See id.* Federal Rule of Civil Procedure 10 requires plaintiffs to disclose their names on the title of the complaint. FED. R. CIV. P. 10(a).

Disclosure of the parties' names, however, is not merely a formality. *See Stegall*, 653 F.2d at 185. Requiring plaintiffs to disclose their names on pleadings implicates the First Amendment guarantee of the public to have access to judicial proceedings.[1] *Stegall*, 653 F.2d at 185; *see also Doe v. Santa Fe Indep. Sch. Dist.*, 933 F. Supp. 647, 649 (S.D. Tex. 1996). Maintaining open trials is imperative to preserving the general public's ability "to scrutinize governmental functioning." *Stegall*, 653 F.2d at 185; *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) ("We hold that the right to attend criminal trials is implicit in the guarantees of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of

---

[1] To be precise, the Fifth Circuit in *Stegall* did not hold that the First Amendment guarantee of public scrutiny of judicial proceedings extends to civil trials as it does with criminal trials. *See Stegall*, 653 F.2d at 185. *Stegall* instead held that both "civil and criminal trials have been presumptively open" in accordance with that First Amendment guarantee. *Id.* at 185 n.10; *Santa Fe Indep. Sch. Dist.*, 933 F. Supp. at 649.

freedom of speech and of the press could be eviscerated." (footnote & internal quotation marks omitted)).

Nonetheless, there are limits to the presumption of openness. Proceeding under a pseudonym is appropriate in the exceptional case when a party's privacy interests outweigh the interests maintaining open judicial proceedings implicates. *See Stegall*, 653 F.2d at 186. The Fifth Circuit has identified three circumstances when the privacy interests implicated have outweighed the presumption of openness: (1) "plaintiffs seeking anonymity were suing to challenge governmental activity;" (2) "prosecution of the suit compel[s] plaintiffs to disclose information 'of the utmost intimacy;'" and (3) "plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 185; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

Proof of one or more of the three situations the Fifth Circuit outlined in *Stegall* and *Southern Methodist University Ass'n* is not a prerequisite. *Stegall*, 653 F.2d at 185–86. Whether a plaintiff's privacy interests outweigh the presumption of openness is a highly fact-sensitive inquiry, allowing courts to consider a variety of other factors. *See generally id.*

Courts have looked to other factors such as the age and vulnerability of the plaintiffs, whether the plaintiff will be subject to threats of harm, particularly threats of violence, how knowledgeable members of the community are of the plaintiff's identity in connection to the lawsuit, any instances where the plaintiff has made public accusations of the defendant while remaining anonymous, and the practical effects on defendant's ability to defend its

case. *See id.* at 186; *see Doe v. El Paso Cnty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 WL 1507840, at *6 (W.D. Tex. Apr. 1, 2015) (holding that the plaintiff could proceed anonymously in part because of the plaintiff's efforts to "protect her identity from the moment she filed her original Complaint"); *see also, e.g.*, *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 268 (E.D. Tex. 2007) (prohibiting the plaintiff from suing anonymously in part because community members were aware of her true identity and she participated in an interview about the subject of her lawsuit); *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1047–48 (N.D. Iowa 1999).

### III. Analysis

Plaintiff is neither suing to challenge governmental activity nor is she compelled to admit to engaging in illegal conduct in the past or future. In fact, the crux of Plaintiff's suit is to clear her name of allegations of drug use while pregnant. *See generally* (D.E. 43). As such, the only possible exceptional circumstance the Fifth Circuit outlined in *Southern Methodist University Ass'n* and *Stegall* is that Plaintiff's suit compels her to "disclose information 'of the utmost intimacy.'" *Stegall*, 653 F.2d at 185; *S. Methodist Univ. Ass'n*, 599 F.2d at 713.

Examples of issues courts have considered to be of the "utmost intimacy" and allowed the plaintiffs to proceed anonymously are "birth control, abortion, homosexuality[,] or the welfare rights of illegitimate children or abandoned families . . . ." *S. Methodist Univ. Ass'n*, 599 F.2d at 712–13 (citations omitted). The examples within this non-exhaustive list have warranted anonymity because they are "matters of a sensitive and highly personal nature." *Id.* at 712.

Plaintiff first argues that choices made during Plaintiff's pregnancy are of the "utmost intimacy." (D.E. 26). Plaintiff points to the following quote from *Doe v. Deschamps*: "[T]he intensely personal nature of pregnancy does, we believe, create an unusual case, and in such a case the general policy of full disclosure may well give way to a policy of protecting privacy in a very private matter." *Id.* at 7 (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)).

Plaintiff's reliance on *Deschamps* is misplaced. The Fifth Circuit has not adopted *Deschamps* to create a bright-line rule that all issues concerning pregnancy are of the "utmost intimacy." *See Southern Methodist Univ. Ass'n*, 599 F.2d at 712–13. Instead, the Fifth Circuit specifically lists abortion and birth control as examples of matters relating to pregnancy that warrant anonymity because both require disclosure of "personal information of the utmost intimacy." *Id.* Other matters concerning pregnancy could also be considered of the "utmost intimacy." *See id.* (listing examples of sensitive and highly personal matters that have warranted anonymity). However, the matter here, the choice to use or refrain from using illicit drugs while pregnant, is not of the "utmost intimacy," especially in this case because disclosing Plaintiff's true name will only reveal that she *did not* use cocaine while pregnant. While the matter here is personal, it does not outweigh the presumption of openness because the privacy interests implicated do not rise to the same level as in *Deschamps*, where the plaintiff would have had to divulge that she intended to terminate her pregnancy. *See Deschamps*, 64 F.R.D. at 652–53.

Plaintiff next argues that information regarding her sexual relationship with her husband is of the "utmost intimacy" and warrants proceeding under a pseudonym. While

private in nature, information disclosing consensual relations with one's spouse is not so intensely personal to make anonymity warranted. The privacy interests invoked do not rise to the same level as those invoked in the non-exhaustive list in *Southern Methodist University Ass'n* of circumstances of the "utmost intimacy." *See S. Methodist Univ. Ass'n*, 599 F.2d at 712–13.

Additionally, Plaintiff's filings reveal that her primary concern is the reputational impact of public allegations of drug use while pregnant. (D.E. 5, p. 2; D.E. 26, p. 5; *see* D.E. 43, p. 22). But the potential threat of public embarrassment or hostility alone rarely justifies anonymity. *See Rose*, 240 F.R.D. at 266 (explaining that "the threat of a hostile public reaction to a lawsuit, standing alone, will rarely justify anonymity . . . ."). Other factors must be present as well.

After considering other factors applicable to this case, the Court finds that proceeding under a pseudonym is unwarranted. Plaintiff argues that proceeding under her real name will affect future employment opportunities because employers will not hire her if they find out she was fired from HBI for failing a drug test. While economic harm can be considered, threats of physical harm are weighed more heavily. *See Stegall*, 653 F.2d at 186 (finding that threats of violence weighed in favor of granting anonymity). The record does not indicate any potential threats of violence. Regarding economic harm, given that Plaintiff has filed this lawsuit to clear her name of drug use, those concerns are minimized. If a potential employer discovers this lawsuit, it will reveal that Plaintiff is vehemently denying all drug use. As for age and vulnerability, Plaintiff is an adult, which weighs against proceeding under pseudonym. *Cf. id.* (explaining that a highly persuasive fact is

that plaintiffs were children). Plaintiff attempts to argue that proceeding under her real name will irreversibly affect the reputations of her children. However, her children are not a party to this lawsuit, making that consideration minimal, at best. Last, Plaintiff argues that proceeding under her real name will possibly lead to criminal or human service investigations. These concerns are also minimized because proceeding under her real name will only expose that Plaintiff denies any drug use and has taken a subsequent drug test that revealed a negative result. (D.E. 43, p. 18).

## IV. Conclusion

For the above reasons, Plaintiff's motion is **DENIED** because Plaintiff's privacy concerns do not outweigh the presumption of openness of judicial proceedings. (D.E. 26). Accordingly, it is hereby **ORDERED** that Plaintiff proceed under her real name. However, given Plaintiff's legitimate concerns over how proceeding under her real name could affect her reputation, it is **ORDERED** that discovery begin no earlier than October 12, 2020 to give Plaintiff time to decide whether to proceed with her lawsuit. The Court also **GRANTS** Plaintiff leave to file an amended complaint containing her full name.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
         September 29, 2020